IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Caesar, | ) | C/A No. 3:12-1287-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Eddy Newman; Loraine Dennis; and the | ) | |
| County of Sumter, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Charles Caesar ("Caesar"), filed this action pursuant to 42 U.S.C. §§ 1981 and 1983 against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 10.) Caesar filed a response in opposition (ECF No. 14), and the defendants replied (ECF No. 15). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

Caesar is a former employee of Sumter County. After commencing this civil rights action, Caesar failed to effect service of process on any of the defendants; following an extension of time, Caesar employed a process server who served three copies of the summons and complaint on Gary Mixon, the Administrator of Sumter County. Caesar contends that the County's attorney told the process server that Mixon could accept service of process for the individual defendants, Newman and Dennis.

# DISCUSSION

A.  **Motion to Dismiss Standards**

Although a civil action is commenced by filing a complaint with the court, the Rules require that service on the defendants be effected within 120 days after the complaint is filed. See Fed. R. Civ. P. 3, 4(m). A defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5). If a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. See Fed. R. Civ. P. 4(m). Moreover, if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.  **Defendants' Motion**

    1.  **Service of Process as to Individual Defendants**

Defendants Newman and Dennis correctly assert that Caesar's claims against them should be dismissed under Federal Rule of Civil Procedure 4(m), as they have not been properly served with



process within the requisite period. Despite having obtained additional time to effect service, Caesar's attempted service on the individual defendants is ineffective for the reasons described in the defendants' motion. (See Def.'s Mem. Supp. Mot. Dismiss at 2-3, ECF No. 10-1 at 2-3.) Although Caesar relies on the County attorney's statement that Mixon could accept service for Newman and Dennis, it is clear that Mixon did not have authority from Newman and Dennis[1] to accept service as their agent. Cf. Fed. R. Civ. P. 4(e)(2)(C); see also Fed. R. Civ. P. 4(c)(1) (stating that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."). Moreover, even after being put on notice that Newman and Dennis challenged the validity of Caesar's attempt to serve them with process, Caesar has made no apparent attempt to properly serve the individual defendants and has offered no good cause warranting additional time to effect service beyond the nearly fourteen months he has already had in which to do so since the filing of the Complaint. See Fed. R. Civ. P. 4(m). Accordingly, Newman's and Dennis's motion should be granted.

### 2.    Failure to State a Claim Against the County

The County's Rule 12(b)(6) motion should also be granted. First, with regard to Caesar's § 1981 claim, his exclusive remedy against the County is § 1983. See Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding that "when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981' ") (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989)). Second, as more thoroughly explained in the defendant's motion, Caesar's purported § 1983 claim against the County does not state a plausible claim for relief because he has not alleged any policy or custom implemented by a final policy maker

---

[1] Service of process on the County is not at issue.



that could subject the County to liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Rather, his pleading shows that he simply seeks to hold the County liable on a *respondeat superior* basis for the actions of Newman and Dennis, neither of whom is a final policymaker under state law. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (discussing four guiding principles to determine whether governmental liability can be imposed under § 1983); (Def.'s Mem. Supp. Mot. Dismiss at 7-8, ECF No. 10-1 at 7-8) (discussing council-administrator form of local government under South Carolina statutes governing municipal corporations). It is well settled that such *respondeat superior* liability cannot lie against a local government. Monell, 436 U.S. at 692.

## RECOMMENDATION

Caesar has offered no good cause for failing to serve Defendants Newman and Dennis during the time permitted by the Federal Rules of Civil Procedure as previously extended by the court. Accordingly, his claims against the individual defendants should be dismissed without prejudice. Moreover, his Complaint fails to state a plausible claim for relief against the County under either 42 U.S.C. § 1981 or § 1983, and should also be dismissed without prejudice. Accordingly, the court recommends that the defendants' motion (ECF No. 10) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 11, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).